OPINION
Plaintiff-appellant NG Construction, Inc. appeals the May 9, 2001 Judgment Entry of the Licking County Court of Common Pleas, which denied appellant's motion for partial summary judgment and dismissed the action as barred by the statute of limitations. Defendant-appellee is the City of Pataskala.
 STATEMENT OF THE FACTS AND CASE
Appellant purchased property in the City of Pataskala. This property is located in an area which had previously been known as an agricultural zone in Lima Township. In 1994, the Lima Township Zoning Resolutions contained a provision for ten acre minimum lot sizes in agricultural zones. In 1995, the resolution was amended to provide for two acre minimum lot sizes in the agricultural zones. On January 1, 1996, Pataskala Village and Lima Township merged. Pursuant to the conditions of the Merger, previously existing and effective ordinances which regulated property use within the boundaries of each entity were to remain in effect until revised by the counsel of the new municipality.
On December 29, 1995, just one business day before the merger, this Court stayed the effectiveness of the 1995 Lima Township Zoning Resolution (containing the two acre minimum lot size requirement in agricultural zones) in the matter of Victoria Brush v. Lima Township Bd.of Trustees.[1] On January 22, 1996, we vacated the stay. However, the question remained whether the 1995 amendments were "previously existing" and "effective" upon the date of the merger as required by the Conditions of the Merger. The newly formed City of Pataskala refused to recognize the 1995 amendments. Instead, the City of Pataskala viewed the ten acre minimum lot sizes in agricultural zones, which was part of the 1994 Lima Township ordinances, as controlling.
The question of whether the 1995 resolution was "effective" on the date of merger was before the Licking County Court of Common Pleas in a case captioned Dehlendorf v. The Village of Pataskala.[2] In Dehlendorf, the plaintiff had contracted to purchase property in Lima Township. Plaintiff's property would be subject to either agricultural or residential zoning restrictions, depending upon which zoning ordinances the City of Pataskala found to be effective on the day of the merger. If the 1994 zoning ordinances were effective, the plaintiff's property would be classified agricultural and subject to the ten acre zoning requirement. However, if the trial court found the 1995 amendments to have been effective, the Dehlendorf property would be classified as residential. As noted above, this decision was complicated by our December 29, 1995 stay in the Brush case, and our subsequent dissolution of the stay.
On February 13, 1996, the newly formed Pataskala City Council entered into a settlement with the plaintiff in Dehlendorf. The settlement was memorialized in an Agreed Judgment Entry filed April 10, 1996. The agreement resolved the Dehlendorf litigation by finding the 1995 zoning resolution to have been effective on the date of merger. However, for some reason, the parties also agreed the 1994 law would apply to agricultural and rural residential districts. The agreed entry went on to find the 1995 zoning resolution "shall be amended to reflect that pre-1995 agricultural districts, * * * east of Mink Road shall be classified agricultural with ten (10) acre minimum lot as such are defined under `Agricultural District' in the 1994 Lima zoning resolution and that pre-1995 agricultural districts west of Mink Road shall be classified rural residential with five (5) acre minimum lot as such are defined under `Rural Residential' in the 1994 Lima zoning resolution."[3]
The current ordinance reflects the change as "(amended 2/13/96)."
The February 13, 1996 council meeting which produced the agreed judgment entry was held as a special meeting. The agreed entry was discussed in executive session, but approved after the executive session and after the council voted to resume the public portion of its special meeting. The special meeting was scheduled by a unanimous vote of council at the last previously scheduled meeting which had been held on February 5, 1996. No formal public notice of the meeting was published in any newspaper.
On January 20, 1999, appellant purchased real property east of Mink Road. The City of Pataskala claims this property is zoned agricultural and has a minimum lot size of 10 acres. The 10 acre requirement remains in effect and is actively enforced by the city. No other meetings of any governmental body of the City of Pataskala, including the city council, were convened before February 13, 1996, to consider the change of the minimum lot size requirement effected by the agreed entry and no such meetings were held between February 13, 1996, and April 10, 1996 (the date of the filing of the agreed entry).
On November 3, 2000, appellant filed its complaint for declaratory and injunctive relief and for damages. Appellant sought a declaration that the 10 acre minimum lot size, as amended by the agreed judgment entry, was unconstitutional, and void ab initio. Appellant sought to enjoin appellee from enforcing the ten acre minimum lot size requirement against it, thereby depriving appellant of the opportunity to subdivide its 16 acre parcel. Appellant also sought a declaration the two acre requirement contained in the 1995 resolution to be the only valid minimum lot size requirement. Appellant's second claim alleged the enforcement of the amendment against it was a denial of the use of its property without substantive due process of law. The third claim alleged denial of use of its property without procedural due process of law, and the fourth claim alleged arbitrary and selective enforcement of the amendment against appellant.
The trial court bifurcated the case; one dealing with the declaratory and injunctive relief, and a second dealing with the constitutional and damage claims. In order to facilitate a ruling on the declaratory judgment action, the parties filed stipulated facts. On March 26, 2001, appellant filed its motion for partial summary judgment. Appellee filed its memorandum contra and appellant filed a reply brief.
On May 9, 2001, the trial court filed its Judgment Entry and Decision overruling appellant's motion for summary judgment and sua sponte
dismissing the case in its entirety. It is from this judgment entry appellant prosecutes its appeal, assigning the following as error:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SUA SPONTE DISMISSING APPELLANT'S CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF, WHICH SOUGHT TO DECLARE THE TEN ACRE MINIMUM LOT SIZE REQUIREMENT OF SECTION 804 OF THE RESOLUTION UNCONSTITUTIONAL AND VOID AB INITIO, AND BY RULING THAT THE CLAIM WAS BARRED BY THE TWO YEARS STATUTE OF LIMITATIONS EMBODIED IN R.C. 713.121.
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SUA SPONTE DISMISSING APPELLANT'S CONSTITUTIONAL CLAIMS FOR DENIAL OF THE USE OF ITS PROPERTY BY THE CITY OF PATASKALA WITHOUT SUBSTANTIVE AND PROCEDURAL DUE PROCESS LAW.
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY SUA SPONTE DISMISSING APPELLANT'S CONSTITUTIONAL CLAIM FOR DENIAL OF EQUAL PROTECTION OF THE LAW BY THE CITY OF PATASKALA RESULTING FROM ITS ARBITRARY AND SELECTIVE ENFORCEMENT OF SECTION 804 AGAINST APPELLANTS WHEN SUCH CLAIM WAS WHOLLY INDEPENDENT OF THE ISSUES OF THE UNDERLYING CONSTITUTIONALITY AND VALIDITY OF SECTION 804.
 I, II, III
In its first assignment of error, appellant maintains the trial court erred in applying the two year statute of limitations contained in R.C.713.121 to the instant matter. In its second assignment of error, appellant argues the trial court erred in dismissing its substantive due process claims. In appellant's third assignment of error, it contends the trial court erred in dismissing its claim for selective enforcement. We agree in part with appellant's assertions and address these assignments together.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court.[4] Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial.[5]
It is based upon this standard we review appellant's assignment of error.
The trial court found dismissal on summary judgment to be proper solely because the alleged procedural errors advanced by appellant are controlled by R.C. 713.121. The statute provides, in relevant part:
 No action challenging the validity of a zoning ordinance or regulation or of any amendment to such an ordinance or regulation because of a procedural error in the adoption of the ordinance, regulation, or amendment shall be brought more than two years after the adoption of the ordinance, regulation or amendment.
Appellant however, maintains the February 13, 1996 zoning ordinance was ineffective and unconstitutional for a number of reasons. First, it did not comply with procedural provisions of R.C. Chapter 713[6]. Even though the minutes of the meeting announced the purpose was to "discuss the proposed Lima Township zoning resolution and map and its effectiveness in Pataskala after the merger," the public never received notice of the meeting or of the proposed amendment. Next, the discussion of the amendment began in an executive session. After the executive session, appellant maintains council members moved to "interpret the conditions of merger" as opposed to moving to adopt new legislation. Further, the amendment became effective by virtue of the Agreed Judgment Entry in the Dehlendorf case, as opposed to any clear legislative action. Further, because Council adopted the amendment without Planning Commission and/or Zoning Commission review, appellant argues the action taken could not meet the substantive due process requirement that zoning legislation must bear a reasonable relationship to the public health, safety, welfare, or morals. Accordingly, the amendment was not "hedged with the substantive safeguards of due process of law."[7]
Additionally, appellant claims arbitrary and selective enforcement of the amendment against it.
As noted above, the third claim of appellant's complaint alleged violations of procedural due process. We agree with the trial court any procedural due process claims must have been brought within two years pursuant to R.C. 713.121. Accordingly, we find no error in the trial court's decision to dismiss the third count of appellant's complaint.
However, we do not find appellant's remaining claims to be governed by the same statute of limitations. Appellant's first claim seeks a declaratory judgment the amendment is unconstitutional, an injunction prohibiting the enforcement of the amendment, and a declaration the 1995 Lima Township ordinance was effective upon the date of Merger. Presumably, this claim is based upon either the procedural or substantive due process claims contained in the second and third claims. The second claim of appellant's complaint requests damages for a substantive due process violation, not only for the complete procedural deficiencies with which the amendment was "created," but also because this "exercise of zoning authority" was completely devoid of any substantive safeguards.
Part of appellant's attack of the February 13, 1996 zoning ordinance is based upon a claim of a violation of substantive due process (the reasonable relationship requirement), which is not subject to the two year statute of limitations found within R.C. 713.121. As stated inForest City Enterprises, Inc. v. City of Eastlake,[8]
Since Euclid v. Ambler Realty Co. (1926), 272 U.S. 365, 47 S.Ct. 114,71 L.Ed. 303, the constitutionality of zoning has not been questioned. Modern authorities agree that some restrictions on the use of land are essential to orderly community development. But because the power to zone infringes upon the individual use of private property, the exercise ofsuch authority has been carefully hedged with procedural and substantivesafeguards. To be sustained as valid, a zoning ordinance must becomprehensive in nature, must bear a reasonable relationship to thepublic health, safety, welfare, or morals, and must provide for theamelioration of unnecessary hardships imposed upon the owners of specificproperty.[9]
We find appellant's complaint stated a valid substantive due process claim. Because R.C. 713.121 governs only an attack on the procedural elements of a zoning ordinance, we find it inapplicable to the substantive due process claims. Accordingly, we find the trial court erred in dismissing such claims.
Finally, appellant's third assignment of error claims the trial court erred in dismissing its claim for selective enforcement of the amendment. Because this claim, on its face, is not predicated upon a procedural attack on the zoning ordinance, we find the trial court erred in dismissing the claim based upon the statute of limitations.
We find the first, second and fourth causes of action set forth in appellant's complaint present arguments in addition to mere procedural errors in the adoption of the amendment. Accordingly, we find the trial court erred in dismissing these counts on the basis of the statute of limitations contained in R.C. 713.121.
Appellant's first assignment of error is overruled in part and sustained in part.
Appellant's second and third assignments of error are sustained.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 9, 2001 Judgment Entry of the Licking County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with our opinion and the law. Costs assessed to appellee.
Hon. Julie A. Edwards, P.J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.
[1] Victoria Brush v. Lima Township Bd. of Trustees, Licking App. No. 95CA148, dismissed in Judgment Entry filed Jan. 22, 1996.
[2] Dehlendorf v. The Village of Pataskala (1996), Licking Co. Common Pleas No. 96CV0065.
[3] Para. 8 of the April 10, 1996 Agreed Judgment Entry inDehlendorf.
[4] Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36.
[5] Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
[6] e.g., R.C. 713.12 requires the legislative authority to provide specific published notice, and a public hearing before it may pass any zoning legislation. Further the proposed legislation, along with maps, recommendations, plans and/or reports must be available for public inspection in the thirty days before the public hearing.
[7] Appellant's brief at p. 9.
[8] Forest City Enterprises, Inc. v. City of Eastlake (1975),41 Ohio St.2d 187, reversed on other grounds, 426 U.S. 68, 96 S.Ct. 2358
(1976).
[9] Id. at 189. (Emphasis added).